# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

NOVUS FRANCHISING, INC.,

        Plaintiff,

v.

AZ GLASSWORKS, LLC, et al.,

        Defendants.

**MEMORANDUM OF LAW & ORDER**
Civil File No. 12-1771 (MJD/TNL)

---

James M. Susag and Susan E. Tegt, Larkin Hoffman Daly & Lindgren Ltd., Counsel for Plaintiff.

No appearance by Defendants.

---

## I.      INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Entry of Default Against Defendants AZ Glassworks, LLC, Capital One Auto Glass, LLC, and Jeannie Hersh Pursuant to Fed. R. Civ. P. 55(b)(2).  [Docket No. 32]  The Court heard oral argument on January 18, 2013.

## II.      BACKGROUND

### A.      Factual Background

Plaintiff Novus Franchising, Inc. ("Novus") owns a business system for operating mobile glass repair and replacement businesses that specialize in the repair and replacement of automotive glass, windshields, and related items. (Compl. ¶ 21; Beveridge Decl. ¶ 2.) In connection with its business, Novus has registered certain trademarks with the United States Patent and Trademark Office for the NOVUS mark and THE WINDSHIELD REPAIR EXPERTS mark. (Compl. ¶ 23; Beveridge Decl. ¶ 3.) Novus authorizes its franchisees to use its marks to distinguish their NOVUS businesses from those of competing automotive glass businesses. (Compl. ¶ 24; Beveridge Decl. ¶ 3.)

In September 2009, Novus entered into three franchise agreements with non-party Arizona Glass Works. (Compl. ¶ 26; Beveridge Decl. ¶ 5.) Two of these agreements are at issue, the Arizona Franchise Agreement (Beveridge Decl., Ex. B), and California Franchise Agreement (Beveridge Decl., Ex. A), which were then assigned to Defendant AZ Glassworks, LLC ("AZ Glassworks") in March 2011. (Compl. ¶ 6; Beveridge Decl. ¶ 8; Compl., Ex. C; Beveridge Decl., Ex. C.) The Arizona Franchise Agreement ultimately encompassed the Counties of Maricopa and Pinal, Arizona, and the California Franchise Agreement

encompassed Orange County California. (Compl. ¶¶ 27, 33, 34; Beveridge Decl. ¶¶ 6, 10, 11; Beveridge Decl., Exs. E-F.)

In connection with the assignment, Defendants Edward Longoria and Jeannie Hersh executed personal guaranties for the payment of all franchise fees and simultaneously agreed to be bound by all covenants and obligations contained in the franchise agreements. (Beveridge Decl., Ex. D.)  The franchise agreements each contained covenants not to compete with Novus both during the term of the franchise agreement and for two years following termination or expiration of the agreement:

### 21.2 In-Term Covenant Not-to-Compete

You agree that you, your Owners, the Personal Guarantors of your obligations under this Agreement (the "Personal Guarantors"), and the members of your and their Immediate Families will not, during the term of this Agreement, for your or their own account, or as an employee, agent, consultant, partner, officer, director, member, or owner of any other person, firm, entity, partnership, company, or corporation, (a) seek to employ any person who is at that time employed by us or by any Novus® franchisee without the prior consent of their employer, or (b) own, operate, lease, franchise, license, conduct, engage in, consult with, be connected with, have any interest in, or assist any person or entity engaged in any business that is in any way competitive with or similar to the Business System or the Business (including any glass repair and/or glass replacement or installation business).

### 21.3 Post-Term Covenant Not-to-Compete

You agree that you, your Owners, the Personal Guarantors, and the members of your and their Immediate Families will not, for a period of two years after the termination or expiration of this Agreement, for your or their own account or as an employee, agent, consultant, partner, officer, director, member, or owner of any other person, firm, entity, partnership, company, or corporation (a) seek to employ any person who is at that time employed by us or by any Novus® franchisee without the prior consent of their employer, (b) own, operate, lease, franchise, license, conduct, engage in, consult with, be connected with, have any interest in, or assist any person or entity engaged in any or other business that is in any way competitive with or similar to the Business System or the Business (including any glass repair and/or glass replacement or installation business) if that business is located within (i) your [area of primary responsibility], (ii) any area of primary responsibility we grant to any other Novus® franchise or business, or (iii) within 10 miles of any business location of any Novus® franchise or business in the United States and its possessions. . . .

(California Franchise Agreement, Arizona Franchise Agreement.)

Minnesota law governs the Franchise Agreements and any disputes arising under the terms of the Franchise Agreements, except to the extent that the Lanham Act governs trademark claims and except that the Minnesota Franchise Act does not apply if the franchisees are not Minnesota residents or their areas of primary responsibility do not include Minnesota. (California and Arizona Franchise Agreements ¶ 26.1.)

In September 2011, AZ Glassworks stopped submitting revenue reports and paying monthly royalties to Novus as required by the Franchise

Agreements.  (Beveridge Decl. ¶ 13.)  In October 2011, Novus, AZ Glassworks, Hersh, and non-party Laci Buller executed an amendment to the franchise agreements, identifying Hersh and Buller as each having a fifty-percent ownership interest in AZ Glassworks and Longoria as having no interest in AZ Glassworks.  (Beveridge Decl. ¶ 12; Beveridge Decl., Ex. G.)

On March 8, 2012, Novus sent a Notice of Default to the attention of AZ Glassworks, Hersh, and Buller regarding the missing revenue reports and monthly royalty payments.  (Beveridge Decl. ¶ 14; Beveridge Decl., Ex. H.)  To date, these defaults have not been cured.  (Beveridge Decl. ¶ 16.)

At some point, Novus became aware that Longoria and Hersh were operating Defendant Capital One Auto Glass, LLC ("Capital One") in Maricopa County, Arizona.  (Beveridge Decl. ¶ 17.)  Capital One is an automotive glass repair and replacement business.  (Beveridge Decl. ¶ 17; Bettin Decl., Ex. A.)  Novus also became aware that Capital One is operating a competitive auto glass repair and replacement business within the entire state of Florida, where Novus has other franchisees operating.  (Beveridge Decl. ¶¶ 17-18; Beveridge Decl., Ex. I.)

As of July 5, 2012, Capital One was using Novus's NOVUS and THE

WINDSHIELD REPAIR EXPERTS marks on its website,

novusautoglassreplacement.com. ([Docket No. 9] Preliminary Injunction

Beveridge Decl. ¶ 15; Preliminary Injunction Beveridge Decl., Ex. G; <u>see also</u>

Buller Decl. ¶ 11.)  As of July 11, 2012, Capital One had changed its homepage to

capitaloneautoglass.com and was no longer using Novus's marks on the

homepage.  (Preliminary Injunction Beveridge Decl. ¶ 16; Preliminary Injunction

Beveridge Decl., Ex. H.)  However, when a person clicked on the homepage's

hyperlink "booknow" to make an appointment, he or she was directed to a

webpage containing, among other things, the NOVUS mark and the additional

hyperlink "Company website," which redirected back to the

novusautoglassreplacement.com website containing Novus's NOVUS and THE

WINDSHIELD REPAIR EXPERTS marks.  (Preliminary Injunction Beveridge

Decl. ¶ 16; Preliminary Injunction Beveridge Decl., Ex. H.)

Non-party Cobblestone Auto Glass, LLC ("Cobblestone") is a Novus

franchisee that operates five Novus franchises in Maricopa County, Arizona.

(Bettin Decl. ¶ 2.)  Cobblestone is contractually obligated to open seven

additional Novus franchises by the end of 2020.  (Bettin Decl. ¶ 6.)  Cobblestone

and Novus are concerned that Longoria and Hersh are using confidential information provided to them while they were Novus franchisees and are misappropriating Novus's marks to operate Capital One and divert customers away from legitimate Novus franchises.  (Bettin Decl. ¶ 16.)  Cobblestone and Novus are also concerned that any inferior services or products supplied by Capital One will be wrongfully attributed to Novus and that Capital One's advertised rebates will undercut pricing of legitimate Novus franchises while creating a customer expectation of such rebates. (Id. ¶¶ 13-16.)

### B.    Procedural History

On July 23, 2012, Novus filed a verified Complaint against AZ Glassworks, Capital One, Longoria, and Hersh in this Court.  The Complaint alleges: Count One, Trademark Infringement under the Lanham Act Against Capital One; Count Two, Common Law Trademark Infringement Against Capital One; Count Three, Violations of the Minnesota Deceptive Trade Practices Act Against Capital One; Count Four, Violations of the Minnesota Unlawful Trade Practices Act Against Capital One; Count Five, Unfair Competition Against Capital One; Count Six, Breach of the Franchise Agreements Against Longoria and Hersh (Violation of In-Term and Post-Term Covenants Not-to-Complete); Count Seven, Breach of Franchise Agreement Against AZ Glassworks (Violation of

Franchisee's Obligations to Submit Reports and Pay Royalty Fees); Count Eight, Breach of Personal Guaranty Against Longoria and Hersh; Count Nine, Demand for an Audit Against AZ Glassworks; Count Ten, Breach of Contract against Longoria (Breach of Guaranty to Promissory Note); Count Eleven, Tortious Interference with Prospective Business Relations Against All Defendants; Count Twelve, Unjust Enrichment Against All Defendants; and Count Thirteen, Claim for Attorneys' Fees and Costs Against All Defendants.

Novus seeks injunctive relief for trademark infringement by Capital One and violations of the covenants not to compete by Hersh; monetary damages for royalties due under the Franchise Agreements and Personal Guaranties; and attorneys' fees and costs. Novus seeks $18,654.66 in past-due royalties and Maintenance Fees under the Franchise Agreements and Personal Guaranties, and Software Sublicense Agreement through December 2012. (Beveridge Decl. ¶ 20.) It also seeks any additional royalties that might be found due after an audit. (Id.) It further seeks royalties and Maintenance Fees through the expiration of the Franchise Agreements in September 2019. (Beveridge Decl. ¶ 21.)

The Summons and Complaint were served on Capital One on July 30, 2012. [Docket No. 15]

On August 17, 2012, Novus filed a motion for a preliminary injunction. [Docket No. 3]  The Summons, Complaint, and preliminary injunction documentation was served on AZ Glassworks on August 24, 2012.  [Docket No. 13]  The preliminary injunction documentation was served on Capital One by mail on August 17, 2012.  (Susag Decl. ¶ 6.)  Novus also mailed the preliminary injunction documentation to attorney Jeffrey Matz, an attorney in Arizona who was assisting Longoria and Hersh in settlement communications with Novus. (Susag Decl. ¶ 7; [Docket No. 10].)

On September 13, 2012, Hersh and Longoria were served through Longoria at their address in Laguna Beach, California, with the Summons, Complaint, preliminary injunction motion, and other documents that had been filed in the case.  [Docket Nos. 23-24]

On September 17, 2012, Novus filed an application for entry of default against AZ Glassworks and Capital One.  [Docket No. 17]  The Clerk's Office entered a Clerk's Entry of Default against these two Defendants on September 18, 2012.  [Docket No. 20]

On October 18, 2012, the Court adopted the Report and Recommendation of the Magistrate Judge and granted the motion for a preliminary injunction as to

Capital One but denied it without prejudice as to AZ Glassworks.  [Docket No. 30]

On October 17, 2012, Novus filed a motion for a Clerk's Entry of Default against Longoria and Hersh.  [Docket No. 27]  The Clerk's Office entered default against those two Defendants on November 9, 2012.  [Docket No. 31]

On October 30, 2012, Longoria filed a voluntary petition for Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Central District of California.  (Susag Decl. ¶ 12.)  Thus all proceedings in this matter against Longoria were subject to the automatic stay.  (Id.)  Longoria was granted a discharge from bankruptcy on February 19, 2013.  [Docket No. 43]

Novus avers that, even after the Court entered the preliminary injunction against Capital One on October 18, Hersh and Longoria have continued to violate the covenants not to compete.  (Beveridge Decl. ¶ 17.)  As of November 21, 2012, Capital One's website still advertises that Capital One is performing auto glass repair and replacement services throughout the State of Florida.  (Id. ¶ 18; Beveridge Decl., Ex. I.)  On October 18, 2012, a mystery shopper in Maricopa County, Arizona, one of Hersh and Longoria's areas of primary responsibility under the Franchise Agreements, called Capital One seeking a rock chip repair

and left a voice message.  (Beveridge Decl. ¶ 19; Beveridge Decl., Ex. J.)  A person name "Edward Long" returned the called and told her that Capital One could perform the repair.  (Id.)

On December 4, 2012, Novus filed a motion for default judgment against AZ Glassworks, Capital One, and Hersh.  [Docket No. 32]  The default motion and accompanying documentation was mailed to Matz; Longoria and Hersh's Laguna Beach, California address, for both Longoria and Hersh and for them in their capacity as representatives of AZ Glassworks; and Capital One.  [Docket No. 39]  On January 8, 2013, Novus mailed a new Notice reflecting the Court's change of location for the hearing to the same recipients.  [Docket No. 40]

None of the Defendants have answered or otherwise responded to the Complaint.  (Susag Decl. ¶ 14.)  Neither Novus nor its counsel has had any communication with any Defendant since before it served the Summons and Complaint on them.  (Susag Decl. ¶ 15; Beveridge Decl. ¶ 24.)

Plaintiff now moves for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendants AZ Glassworks, Capital One and Hersh on all claims against them.

## III.    DISCUSSION

## A. Default

Because Defendants have failed to answer or otherwise appear in this matter, despite service more than 21 days ago, Plaintiff is entitled to default judgment. Fed. R. Civ. P. 55. A Clerk's Office entry of default has been entered against all Defendants. The Court accepts the factual allegations in the Amended Complaint as true because "[a] default judgment entered by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." <u>Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.</u>, 370 F.3d 715, 722 (8th Cir. 2004) (citations omitted).

## B. Requested Relief

### 1. Monetary Damages

AZ Glassworks has failed to pay royalties and other fees due under the Franchise Agreements, and Hersh is also liable for those royalties as a guarantor to the Franchise Agreements. Novus has calculated the amount of unpaid Minimum Monthly Royalties and Maintenance Fees owed by AZ Glassworks from the date that it stopped paying royalties through December 2012 to be $18,654.66. (Beveridge Decl. ¶ 20; Beveridge Decl., Ex. H.) The amount requested is supported by the record. Novus is entitled to collect the past-due royalties and fees from Defendants Hersh and AZ Glassworks.

### 2. Audit

Plaintiff is entitled to an audit of AZ Glasswork's financial records. (Arizona and California Franchise Agreements, Art. 15.)  If additional royalties of more than $500 during any 12 month period are discovered to be due and owing, AZ Glassworks and Hersh are responsible for paying those amounts, plus the reasonable costs and expenses associated with the audit.  (Id. ¶ 15.5.)

### 3. Future Damages

Novus requests an award of future profits from AZ Glassworks and Hersh.  Novus calculates $700 for the Minimum Monthly Royalty Fees throughout the term of each Franchise Agreement from January 2013 until September 2019, for a total of $56,700.  (Beveridge Decl. ¶ 21.)  Novus then adds a monthly fee of $140 for the remaining term of the Franchise Agreements under the term of the Software Sublicense Agreement, for a total of $11,340.  (Beveridge Decl. ¶ 21.)  Thus, it claims that the total future amounts due and owning under the Franchise Agreements are $68,040.  (Id.)

Recovery of future damages is permissible so long as the damages are not speculative; they must be proven "to a reasonable certainty."  Pietrzak v. Eggen, 295 N.W.2d 504, 507 (Minn. 1980).  "In cases where a franchisee has voluntarily

abandoned or terminated the franchised business, . . . courts have held that the franchisee's decision to close the business caused the loss of future royalties to the franchisor . . ." Vino 100, LLC v. Smoke on the Water, LLC, 864 F. Supp. 2d 269, 286 (E.D. Pa. 2012); see also Healy v. Carlson Travel Network Assocs., 227 F Supp. 2d 1080, 1094 (D. Minn. 2002) ("A franchisor may seek damages for lost future profits for early termination of a franchise by the franchisee.").

While future lost profits may be recoverable in theory, Plaintiff has failed to provide the Court with enough information to justify an award in this case. Novus simply asks the Court to award all future royalty and maintenance fees until the end of the Franchise Agreements in 2019. Novus has not addressed any costs that it has potentially saved by the termination of the Franchise Agreements, so simply awarding all future royalties and maintenance fees, without accounting for future cost savings to Novus appears to overstate Novus's future damages. Additionally, given the long term of the Franchise Agreements, it appears likely that Novus could obtain another franchisee to replace AZ Glassworks in Arizona before 2019, thereby eliminating or reducing future damages. As this Court held in Days Inn Worldwide, Inc. v. Investment Properties of Brooklyn Center, LLC, "By allowing [the franchisor] to obtain a

judgment for the [multi-year]-stream-of-income—the judgment sought by [the franchisor]—the Court would be encouraging [the franchisor] to commit economic waste by putting forth no efforts to mitigate its damages." No. 10-609 (MJD/JJK), 2011 WL 4538076, at *5 (D. Minn. Aug. 26, 2011) adopted 2011 WL 4537934 (Sept. 29, 2011). Without any evidence regarding how long it takes to find a replacement franchisee, an award of future damages is not warranted.

### 4. Permanent Injunction Against Hersh and Capital One

In order to obtain a permanent injunction, a plaintiff must prove success on the merits, and the Court must analyze the threat of irreparable harm to the movant, the balance of the harms, and the public interest. Bank One, Utah v. Guttau, 190 F.3d 844, 847 (8th Cir. 1999). The Court concludes that Novus is entitled to the equitable relief that it seeks.

### a) Irreparable Harm

Novus has proven that it has suffered and will continue to suffer irreparable harm as a result of Capital One's trademark infringement and unfair competition and from Hersh's violations of her covenants not to compete.

Novus suffers irreparable harm from Capital One's trademark infringement. See Novus Franchising, Inc. v. AZ Glassworks, LLC, No. 12–cv–

1771 (MJD/TNL), 2012 WL 5057095, at *8 (D. Minn. Sept. 27, 2012) (noting that

"[i]rreparable harm is presumed where there is trademark infringement")

(citations omitted), <u>adopted</u> 2012 WL 5072363 (D. Minn. Oct. 18, 2012).

Irreparable harm results from breach of a franchisee's covenant not to

compete when a franchisor has invested its "training, good will, and resources in

Defendants, which allowed Defendants to . . . operate successfully." <u>Anytime

Fitness, Inc. v. Reserve Holdings, LLC</u>, Civil File No. 08-4905 (MJD/JJK), 2008 WL

5191853, at *6 (D. Minn. Oct. 8, 2008). Without an injunction enforcing the

franchisee's "covenant not to compete, [the franchisor's] good will will be

harmed by a competing business operating at the former [franchisee's] location,

impairing [the franchisor's] ability to establish another franchise in that area."

<u>Id.</u> <u>See also</u> <u>Novus Franchising, Inc. v. Livengood</u>, Civil No. 11–1651 (MJD/TNL),

2012 WL 38580, at *5-*6 (D. Minn. Jan. 9, 2012) (noting that "[i]t is difficult to

attract a new franchisee when a former franchisee is improperly competing

within the same area;" that "[w]ithout the injunction, a new Novus franchisee

would be forced to compete with the [defendants], who know all of Novus's

methods of operation and learned the business from Novus;" and that, even

though a Novus franchise is non-exclusive, "only Novus has the power to decide

whether to allow another franchise to compete within an APR, and Novus has a self-interest in only permitting competition if it would not hurt the profits of its franchisees"). Also, Novus's large franchisee, Cobblestone, has expressed concern about the harm that Defendants have caused to the Novus brand in Arizona. "Without the preliminary injunction, [Novus] will be unable to attract new franchisees to [the area] and its current franchisees may think that they can violate their franchise agreements with impunity after having taken advantage of [Novus's] good will to build their businesses, potentially causing [Novus's] entire franchise system [to] unravel." Anytime Fitness, Inc., 2008 WL 5191853, at *6.

### b) Balance of the Harms

Enforcing the covenants not to compete will impose no significant harm on Hersh; she unilaterally chose to under-report royalties and then stop paying them altogether. Hersh could have continued to operate the Novus franchises in accordance with the Franchise Agreements if she had so desired. Alternatively, she could have sold her franchises and opened the business is an area where direct competition is permitted.

As for the trademark claim, this Court concludes that the balance of the harms weighs in favor of an injunction and that "[a]ny harm Capital One experiences as a result of no longer using Novus's marks was self-inflicted by Capital One's decision to use the marks of another without the requisite permission."  Novus Franchising, Inc. v. AZ Glassworks, LLC, 2012 WL 5057095, at *9.

### c)  Success on the Merits

Novus has proven success on the merits with regard to its trademark claim, and Defendants have made no argument to the contrary – Defendants have used its exact registered trademarks in a competing business providing the same services.  See Novus Franchising, Inc. v. AZ Glassworks, LLC, 2012 WL 5057095, at *6.

As for the covenant not to compete claim, Novus has provided evidence that Hersh is operating a directly competing business within Maricopa County, the area of primary responsibility under the Arizona Franchise Agreement, and throughout the state of Florida, where Novus has franchisees.  The non-competition provisions in the Franchise Agreements prohibiting competition within Maricopa County for two years serve to protect Novus's legitimate

business interests and are reasonable.  See, e.g., Anytime Fitness, Inc. v. Reserve

Holdings, LLC, Civil File No. 08-4905 (MJD/JJK), 2008 WL 5191853, at *4  (D.

Minn. Oct. 8, 2008) (finding two-year post-termination non-competition covenant

in franchise agreement for same geographic area as former franchise to be

"reasonable and enforceable" under New Jersey law); Overholt Crop Ins. Serv.

Co. v. Bredeson, 437 N.W.2d 698, 702-03 (Minn. Ct. App. 1989) (upholding two-

year covenant not to compete with geographic restriction equal to location in

which employee had worked).  See also Snelling & Snelling, Inc. v. Dupay

Enters., Inc., 609 P.2d 1062, 1064-65 (Ariz. Ct. App.  1980) (upholding three-year

covenant not to compete within former franchise area).

As for the prohibition on competing in the areas of primary responsibility

of other Novus franchisees, Novus claims that "[p]reventing former franchisees

from operating within other franchisee's territories is reasonable."  Outdoor

Lighting Perspectives Franchising, Inc. v. Home Amenities, No. 3:11–cv–0567,

2012 WL 137808, at *3 (W.D.N.C. Jan. 18, 2012) (applying North Carolina law).

But see Amerispec, Inc. v. Metro Inspection Servs., Inc., No. CIV.A.3:01–CV–

0946–D, 2001 WL 770999, at *5-*6 (N.D. Tex. July 3, 2001) (refusing to grant

preliminary injunction upholding portion of territorial restriction preventing

competition "within a radius of ten miles from the location of any other [franchisee] office in existence at the time of expiration or termination of the franchise agreement" on the grounds that "[t]he portion of the noncompete covenant that forecloses defendants from operating in a vast market, without evidence that they competed there using the goodwill of the franchise, is geographically unreasonable and, at the preliminary injunction stage, unenforceable") (footnote omitted).

Without a response from Defendants, Plaintiff's assertion of harm to it and its remaining franchisees is uncontradicted. Based on the allegations in the Complaint, and the additional evidence now presented by Novus, it is clear that Hersh is violating the two-year covenant contained in the Franchise Agreements. The two-year length of the covenant is reasonable based on case law from Minnesota, Arizona, and other jurisdictions. Additionally, the prohibition on Hersh's former area of primary responsibility in Arizona is reasonable, and there is evidence that Hersh is violating it. As for the operation of a competing business throughout Florida, which was not within Hersh's area of primary responsibility but is within the area of primary responsibility for other Novus franchisees or within 10 miles of a Novus franchisee, the Court finds that, under

the particular facts of this case, in which Defendants have offered no response, the covenant not to compete is reasonably applied to this conduct, as well. The Court notes that, in <u>Amerispec</u>, the court's decision was preliminary and based on a lack of evidence that defendants competed in other franchisees' territory using the goodwill of the franchisor. Here, there is clear evidence that Hersh operated Capital One in Florida using Novus's trademarks in a fraudulent manner. Thus, there is clear evidence that Hersh used the goodwill of the Novus franchise in Florida to unfairly compete against legitimate Novus franchisees. Under the particular facts of this case and with no response from Defendants indicating how this geographic restriction is harmful to them, overbroad, or unreasonable, the Court concludes that the restrictive covenant is enforceable as written.

### d)     Public Interest

Injunctive relief is available as a remedy under the Lanham Act to prevent infringement of a party's registered trademarks. 15 U.S.C. § 1116. That remedy is also available under the Minnesota Deceptive Trade Practices Act. Minn. Stat. § 325D.45, subd. 1. The undisputed evidence shows that Capital One has used Novus's registered names and marks without authorization. Also "the public

interest is served by enforcing a valid restrictive covenant." Wakeman v. Aqua2 Acquisition, Inc., Civil No. 10–4538 (MJD/JJK), 2011 WL 1667926, at *3 (D. Minn. May 3, 2011). The public interest favors granting the injunctive relief requested.

### e) Appropriateness of Injunctive Relief

Based on an analysis of all of the relevant factors, the Court concludes that Novus is entitled to the injunctive relief requested.

### 5. Attorneys' Fees

### a) Novus's Entitlement to Attorneys' Fees

Novus is entitled to attorneys' fees from Hersh and AZ Glassworks under the terms of the Franchise Agreements. (See Franchise Agreements, Article 23.3 (providing that franchisee "will pay [Novus] for any and all Costs and Expenses [Novus] incur[s] for the collection of past due Royalty Fees or other amounts due to us," "all Costs and Expenses [Novus] incur[s] in successfully enforcing any term . . . of this Agreement, [and] in successfully enjoining any violation of this Agreement by you").)

Novus is entitled to attorney's fees from Capital One under the Lanham Act, 15 U.S.C. § 1117(a) (providing that, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party"), for the successful

prosecution of a trademark infringement lawsuit. The Eighth Circuit has described an "exceptional" case warranting attorney's fees under the Lanham Act is one in which "one party's behavior went beyond the pale of acceptable conduct." Aromatique, Inc. v. Gold Seal, Inc., 28 F.3d 863, 877 (8th Cir. 1994). Here, Capital One wholly appropriated Novus's trademarks for a directly competing business, clearly with the intent to mislead consumers into choosing Capital One based on the mistaken belief that they were choosing a Novus franchisee. This is the type of exceptional case in which an award of attorney's fees is warranted.

### b) Reasonableness of Amount of Fees Requested

When a contract authorizes attorneys' fees, courts will enforce the provision, so long as the fees are reasonable. See, e.g., Knapp v. Commonwealth Land Title Ins. Co., Inc., 932 F. Supp. 1169, 1172 (D. Minn. 1996); State Bank of Cokato v. Ziehwein, 510 N.W.2d 268, 270 (Minn. Ct. App. 1994). Novus requests $40,654.29 in attorneys' fees and costs and anticipates that it will incur an additional $2,000 in attorneys' fees in preparing for and attending the oral argument on this motion. (Susag Decl. ¶ 21; Susag Decl., Ex E.)

The amount of attorney's fees and costs requested is higher than usual for a default case in this District. However, here, Novus had to prepare and argue a preliminary injunction, and the facts and law of this case are far more complex than the usual default cases that the Court often sees. Additionally, the case law within this District regarding enforcement of Novus's covenants not to compete is not uniform, requiring more analysis and legal argument by Novus than in a case involving more settled law. The Court has reviewed all billing records and is familiar with the history of this case. Overall, the Court concludes that the amount of fees and costs requested is reasonable and supported.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

> Plaintiff's Motion for Entry of Default Against Defendants AZ Glassworks, LLC, Capital One Auto Glass, LLC, and Jeannie Hersh Pursuant to Fed. R. Civ. P. 55(b)(2) [Docket No. 32] is **GRANTED IN PART** and **DENIED IN PART** as follows:
>
> 1. Novus shall have judgment entered in its favor and against Defendants AZ Glassworks, Capital One, and Hersh on all of the claims set forth in its Verified Complaint.
>
> 2. Novus shall have judgment entered in its favor against Defendant AZ Glassworks  and Hersh, jointly and severally, for past due amounts owing under the Franchise Agreements and Personal Guaranties to those Franchise Agreements in the amount of $18,654.66, plus interest.

3.    Novus's request for judgment entered in its favor against
      Defendant AZ Glassworks and Hersh, jointly and severally,
      for future royalties and other amounts due and owing under
      the Franchise Agreements and Personal Guaranties to those
      Franchise Agreements in the amount of $68,040.00 is
      **DENIED**.

4.    Defendants AZ Glassworks and Hersh shall submit all
      financial records referring or relating to their NOVUS®
      businesses dating from September 2011 through the date of
      this order to Novus within ten days of the date of this order.
      In the event an audit of the financial records shows that
      additional royalties are due and owing to Novus, Novus shall
      have the right and authority to petition this Court for
      judgment in the additional amount.  If the amounts due and
      owing are in excess of $500.00, Novus shall be awarded its
      reasonable costs and expenses associated with the audit.

5.    Novus shall have judgment entered in its favor against
      Defendants AZ Glassworks, Capital One, and Hersh, jointly
      and severally, in the amount of $42,654.29 for its attorneys'
      fees, costs, and disbursements incurred in connection with
      this matter.

6.    Novus is entitled to and shall have a permanent injunction
      entered in its favor and against the Defaulting Defendants as
      follows:

      (a)    Effective immediately, and continuing for two years
             from the date of this Order, Defendant Hersh, and her
             immediate family members, are hereby restrained and
             enjoined from owning, operating, leasing, franchising,
             licensing, conducting, engaging in, consulting with,
             being connected with, having any interest in, or
             assisting any person or the entity engaging in any or

other business that is in any way competitive with or similar to the NOVUS® Business System or the NOVUS® Business (including any automotive glass repair and/or replacement or installation business): (1) within the geographic area comprising the counties of Maricopa and Pinal Counties in the State of Arizona and Orange County in the State of California; (2) in an area of primary responsibility Novus grants to any other NOVUS® franchisee or business; or (3) within ten miles of any business location of any NOVUS® franchise or business in the United States and its possessions.

(b)     Effective immediately, Defendants Capital One and Hersh, and all persons acting in active concert with them who receive notice of this Order, and all purported assignees of any of the registered NOVUS® Marks and all derivations and uses thereof who receive notice of this Order, and all recipients of any of the property described below who receive notice of this Order, are hereby permanently restrained and enjoined from:

   (i)      Any use of the registered NOVUS® Marks and all derivations thereof; and

   (ii)     Retaining any manual or other confidential or proprietary information provided to AZ Glassworks and/or Hersh under the Franchise Agreements.

(c)     Effective immediately, Defendants AZ Glassworks, Hersh, and Capital One, and all persons acting in active concert with them who receive notice of this Order, and all purported assignees of any of the registered NOVUS® Marks and all derivations and uses thereof

who receive notice of this Order, and all recipients of any of the property described in Section (b) above or as described below who receive notice of this Order, shall:

(i)     Return all confidential and proprietary materials of Novus to Novus including, but not limited to, all manuals and equipment, within five (5) days of the date of this Order;

(ii)    Remove and return to Novus or destroy all signage, promotional materials, and other materials bearing the NOVUS® Marks, including internet websites, within five (5) days of the date of this Order;

(iii)   Immediately take such steps as necessary to effect the transfer of all telephone numbers, including all fax numbers and other listings for or associated with AZ Glassworks' former NOVUS® franchises, including the number (800) 503-5035, to Novus or its designee.

(iv)    In the event AZ Glassworks or Hersh fail to effect the transfer of the telephone, fax, and other listings for or associated with their former NOVUS® franchises, AZ Glassworks and Hersh authorize Novus to direct the telephone company, all listing agencies, and internet service providers, to transfer all fax and telephone numbers and listings to Novus.  A copy of this order shall serve as authorization to the telephone company, all listing agencies, and internet service providers, to transfer any telephone and/or fax numbers formerly associated with AZ Glassworks' NOVUS® franchises, including but

not limited to (800) 503-5035, to Novus or its designee.

7. This permanent injunction shall be effective immediately, and no bond shall be required.


Dated:   March 18, 2013                    s/ Michael J. Davis
                                           Michael J. Davis
                                           Chief Judge
                                           United States District Court